**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

TIFFANY GIVENS, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

INDEBTED USA, INC.,

*Defendant*.
_______________________________________/

**CLASS ACTION**

**Case No.**

**JURY TRIAL DEMANDED**

# CLASS ACTION COMPLAINT

1. Plaintiff Tiffany Givens brings this class action against Defendant InDebted USA, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

2. Plaintiff, Tiffany Givens ("Plaintiff"), brings this class action for damages resulting from InDebted USA, Inc.'s ("InDebted" or "Defendant") placement of debt collection text messages to Plaintiff's cellular phone after Plaintiff notified Defendant in writing that she wished Defendant to cease further communications with Plaintiff, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), and the Texas Debt Collection Act, Tex. Fin. Code § 392.001, et seq. (the "TDCA").

3. Defendant is a nationwide debt collector. As part of its debt collection operations, Defendant sends consumers multiple debt collection text messages in an attempt to collect alleged

debts, even after consumers have communicated in writing that they do not wish to receive further communications.

4. Plaintiff is one such consumer. After receiving a series of debt collection messages from Defendant attempting to collect alleged debts owed to Zip, Plaintiff notified Defendant in writing that she wished Defendant to cease further debt collection text messages.

5. Nonetheless, Defendant continued to send Plaintiff debt collection text messages after Plaintiff communicated her desire to cease further communications.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and the Classes' members. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Classes, and any other available legal or equitable remedies.

7. Plaintiff seeks relief for herself, and all others similarly situated for Defendant's unlawful behavior.

**JURISDICTION AND VENUE**

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because her claims arise under the federal Fair Debt Collection Practices Act. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

9. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because Plaintiff's claims under the Texas Debt Collection Act arise from the same common nucleus of operative facts as Plaintiff's federal claims.

10. The Court has personal jurisdiction over Defendant because Defendant sent debt collection text messages to Plaintiff within this District.

11. Venue is proper in this District in the acts that give rise to Plaintiff's claims, including but not limited to Defendant's sending of text messages to Plaintiff, occurred within this District.

**PARTIES**

12. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Hopkins County, Texas.

13. Defendant is a Missouri corporation whose principal office is located at 204 W Pitman St, Ste D, O'Fallon, MO 63366-2869. Defendant is a collection agency whose principal purpose is the collection of debts, and it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

**FACTS**

14. Plaintiff incurred an alleged debt (the "Debt") arising out of services rendered by Zip (the "Original Creditor").

15. The Debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5). The Debt also constitutes a "consumer debt" under Tex. Fin. Code § 392.001(2), as it is an obligation primarily for personal, family, or household purposes arising from a transaction.

16. Thereafter, the Original Creditor enlisted Defendant to collect the Debt on its behalf. Defendant meets the definition of "debt collector" under 15 U.S.C. § 1692a(6), as its principal purpose is the collection of debts and it regularly collects debts owed to another. Defendant also meets the definition of "debt collector" under Tex. Fin. Code § 392.001(6), as Defendant directly engages in debt collection.

17. On or about April 2026, Defendant began sending debt collection text messages to Plaintiff's cellular telephone, number ending in 2395, from short code 95127, in an attempt to collect the alleged Debt.

18. The text messages identified Defendant as a debt collector, referenced the Original Creditor and the alleged balance owed. The messages directed Plaintiff to visit a website or call Defendant's phone number to resolve her account, and noted that they were attempts to collect debts.

19. The messages Defendant sent to Plaintiff were substantially similar to one another and to messages Defendant sent to other consumers across the country.

20. On or about April 5, 2026, after receiving debt collection text messages from Defendant, Plaintiff notified Defendant in writing that she wished Defendant to cease further communications with Plaintiff by responding "stop" to Defendant's debt collection text messages, as shown below:




21. Thereafter, Defendant confirmed that Plaintiff would no longer receive text messages, stating: "You unsubscribed and will no longer receive SMS from Indebt (...)", as shown below:




22. Despite Plaintiff's clear opt-out request and Defendant's confirmation that Plaintiff had been unsubscribed, Defendant sent Plaintiff another text message on April 7, 2026. That same day, Plaintiff again responded "Stop" to cease further communications (as shown above), and Defendant once more confirmed that Plaintiff had been unsubscribed, as shown below:




23. Finally, on or about April 8, 2026, despite Plaintiff's two prior opt-out requests, Defendant sent yet another text message (As shown above). Plaintiff again responded with the clear and unequivocal opt-out command "Stop" as shown below:




24. Plaintiff's time was wasted tending to Defendant's text messages sent after she communicated her request that Defendant cease further communications.

25. Moreover, Defendant's continued debt collection messages annoyed, frustrated, and angered Plaintiff.

26. Plaintiff's receipt of Defendant's unauthorized debt collection messages drained Plaintiff's phone battery and caused Plaintiff additional electricity expenses and wear and tear on her phone and battery.

27. Plaintiff is informed and believes that Defendant sent the same or similar text messages to members of the putative Classes after they asked Defendant to cease its debt collection texts.

28. Defendant's text messages caused Plaintiff and the Classes' members harm, including wasted time responding to the texts, violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion.

## CLASS ACTION ALLEGATIONS

### A. The Proposed Classes

29. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

30. Plaintiff brings this case on behalf of the Classes defined as follows:

> **FDCPA Class: All persons within the United States to whom Defendant or its agent/s and/or employee/s sent a debt collection text message to said person's cellular telephone within the one year period prior to the filing of the Complaint, after said person had previously communicated in writing a refusal to pay the debt and/or a request that Defendant cease further communication.**

> **Texas Class: All persons within the State of Texas to whom Defendant or its agent/s and/or employee/s sent a debt collection text message to said person's cellular telephone within the two year period prior to the filing of the Complaint, after said person had previously communicated in writing a refusal to pay the debt and/or a request that Defendant cease further communication, in violation of Tex. Fin. Code § 392.302(4).**

31. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

32. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

33. Upon information and belief, Defendant has placed debt collection text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States

after receiving written communications asking it to cease contact. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

34. The exact number and identities of the Classes' members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

### C. Common Questions of Law and Fact

35. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual class members. These questions include:

a. Whether Defendant sent debt collection text messages to Plaintiff and Classes' members' cellular telephones after being advised in writing to cease communications;

b. Whether Defendant's practice of sending debt collection text messages to consumers after being asked to cease doing so violates the FDCPA and/or the TDCA;

c. Whether Defendant is liable for damages, and the amount of such damages; and

d. Whether Defendant should be enjoined from such conduct in the future.

36. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places debt collection text messages to telephone numbers assigned to cellular telephone services after being asked to cease communications is accurate, Plaintiff and the Classes' members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

37. Plaintiff's claims are typical of the claims of the Classes' members, as they are all based on the same factual and legal theories.

**E.** Protecting the Interests of the Classes' Members

38. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**F. Proceeding Via Class Action is Superior and Advisable**

39. A class action is the superior method for the fair and efficient adjudication of this controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA. In addition, the interest of Classes' members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for class members to bring individual actions.

40. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

41. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

42. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

43. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct

for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

44. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Classes.

**COUNT I**
**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c)**
**(On Behalf of Plaintiff and the FDCPA Class)**

45. Plaintiff repeats and re-alleges the paragraphs 1-44 of this Complaint and incorporates them herein by reference.

46. The FDCPA, 15 U.S.C. § 1692c(c) provides that "If a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."

47. Plaintiff and members of the putative class each notified Defendant in writing that they wished Defendant to cease further communications by communicating in writing their refusal to pay the debt and/or their desire that Defendant cease further contact, but Defendant nonetheless proceeded to send Plaintiff and members of the putative class subsequent debt collection text messages.

48. Moreover, Defendant's subsequent post-Stop messages sought to collect consumers debts and demanded payments from Plaintiff and members of the putative class; the

messages did not advise that Defendant's further efforts were being terminated nor did they state that Defendant may invoke specified remedies which are ordinarily invoked by Defendant or notify Plaintiff or members of the putative class that Defendant intended to invoke a specified remedy.

49. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

**COUNT II**
**Violations Of The Fair Debt Collection Practices Act, 15 U.S.C. § 1692d**
**(On Behalf of Plaintiff and the FDCPA Class)**

50. Plaintiff repeats and re-alleges paragraphs 1–44 of this Complaint and incorporates them herein by reference.

51. The FDCPA, 15 U.S.C. § 1692d, provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

52. Section 1692d further provides that "[w]ithout limiting the general application of the foregoing, the following conduct is a violation of this section," and lists examples including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

53. The enumerated examples in § 1692d(1)-(6) do not limit the general application of the statute's broad prohibition against harassing, oppressive, or abusive conduct.

54. After Plaintiff notified Defendant to cease further communications, Defendant continued to send repeated debt collection text messages to Plaintiff's cellular telephone with the intent to annoy, abuse, and harass Plaintiff. Defendant sent these text messages from short code

95127 on multiple occasions after receiving Plaintiff's written cease communication requests, including on April 7, 2026 and April 8, 2026.

55. Defendant's repeated text messages to Plaintiff after Plaintiff requested that Defendant cease communications constitutes conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

56. Defendant engaged in the same or similar conduct with respect to members of the putative FDCPA Class.

57. By virtue of the foregoing, Plaintiff and the FDCPA Class are entitled to recover damages as prayed for herein.

**COUNT III**
**Violations Of The Texas Debt Collection Act, Tex. Fin. Code § 392.302(4)**
**(On Behalf of Plaintiff and the Texas Class)**

58. Plaintiff repeats and re-alleges paragraphs 1–44 of this Complaint and incorporates them herein by reference.

59. The Texas Debt Collection Act ("TDCA") prohibits debt collectors from "oppress[ing], harass[ing], or abus[ing] a person" in connection with the collection of a debt. Tex. Fin. Code § 392.302. Section 392.302(4) specifically prohibits a debt collector from "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." Tex. Fin. Code § 392.302(4).

60. Section 392.302(4) is "substantially similar" to its federal counterpart, 15 U.S.C. § 1692d(5), and courts may look to FDCPA harassment cases for guidance in interpreting this TDCA provision. *Galarza v. TD Bank, N.A.*, No. SA-20-CV-00981-OLG, 2021 WL 8055654, at *2 n.3 (W.D. Tex. Nov. 2, 2021). Intent to harass may be inferred from the frequency, pattern, substance,

and circumstances of the communications, including continued contact after a consumer has provided written notice revoking consent to receive further communications. *Id.* at *4.

61. Defendant's debt collection text messages to Plaintiff's cellular telephone are functionally equivalent to telephone calls for purposes of § 392.302(4). Under Texas law, telephone communications —including text messages— are treated as functionally equivalent to calls for harassment purposes. Each text message caused Plaintiff's cellular telephone to emit alerts, notifications, and vibrations at the called number, which is indistinguishable from "causing a telephone to ring" within the meaning of the statute. Defendant's conduct—transmitting repeated text messages to Plaintiff's cellular telephone after receiving multiple written cease communication requests—constitutes causing a telephone to ring repeatedly within the meaning of Tex. Fin. Code § 392.302(4).

62. Defendant's intent to harass Plaintiff is evidenced by the pattern and circumstances of its communications. Defendant confirmed on multiple occasions that Plaintiff had been "unsubscribed" from further text messages, yet continued to transmit debt collection text messages through the same channel after each confirmation. This repeated conduct — continuing to contact Plaintiff through the same short code after expressly confirming Plaintiff had been unsubscribed — demonstrates an intent to harass Plaintiff at the called number. *See Galarza*, 2021 WL 8055654, at *4.

63. Defendant engaged in the same or similar conduct with respect to members of the putative Texas Class.

64. As a result of Defendant's violations of Tex. Fin. Code § 392.302(4), Plaintiff and the Texas Class are entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code § 392.403(a). Additionally, because Plaintiff successfully maintains this action, Plaintiff and the

Texas Class are entitled to reasonable attorneys' fees and costs pursuant to Tex. Fin. Code § 392.403(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant Plaintiff and the Classes the following relief against Defendant:

(a) Actual and statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

(b) An award of attorneys' fees and costs to counsel for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3);

(c) Injunctive relief, actual damages, and reasonable attorneys' fees and costs as provided under the Texas Debt Collection Act, pursuant to Tex. Fin. Code § 392.403(a)-(b); and

(d) Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

Dated: May 18, 2026

Respectfully submitted,

**Shamis & Gentile, P.A.**
*/s/ Christopher Berman*

Christopher Berman, Esq.
cberman@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Classes*